UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

In re:   Case No. 14-20223

DAVID BROOKE KREBS,   Chapter 11

    Debtor.   Hon. Daniel S. Opperman
_____/

## OPINION DENYING MOTION FILED BY GREAT LAKES EYE INSTITUTE, P.C. TO RECONSIDER COURT'S MAY 7, 2014, ORDER DENYING MOTION TO DISMISS CASE, OR ALTERNATIVELY, FOR RELIEF FROM STAY

Great Lakes Eye Institute, P.C. ("Great Lakes Eye") has filed a Motion for Reconsideration of this Court's May 7, 2014, Order Denying Great Lakes Eye's Motion To Dismiss this Chapter 11 bankruptcy case, or alternatively, for relief from stay. The instant Motion was timely filed within 14 days after entry of the May 7, 2014, Order and brought pursuant to Federal Rule of Bankruptcy Procedure 9024 and Local Rule of Bankruptcy Procedure, E.D. Mich. LBR 9024-1.

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen (14) days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling

1

law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard). An appellate court reviews a bankruptcy court's decision regarding a motion for reconsideration under an abuse of discretion standard.

Great Lakes Eye raises two arguments in support of its Motion. Great Lakes Eye first argues that the Court committed palpable error by misapplying the factors for determining whether bad faith existed in the Debtor's bankruptcy filing as outlined by the Sixth Circuit in the case of *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734 (6th Cir. 1994). Specifically, Great Lakes Eye asserts that the Court misapplied the fifth factor in this determination, which requires the Court to evaluate a Debtor's good faith when the "debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford." *Id*. at 738. Great Lakes Eye submits that this factor weighs in favor of a finding of bad faith because the Court found in its bench opinion that Debtor had the inability to post an appeal bond. Indeed, the Court did consider this factor, and found that Debtor was unable to post an appeal bond in the requisite amount after fully examining the assets and financial situation of Debtor. Thus, the Court determined that this factor weighed against a finding of bad faith. The Court notes that this factor is one of eight the Court may consider in making this "discretionary determination," with "no single fact [being] dispositive." *Laguna*, 30 F.3d at 738. While Great Lakes Eye does not agree with the Court's factual findings and conclusions drawn with regard to this factor, such

2

does not demonstrate the Court erred in any way entitling it to reconsideration.

Great Lakes Eye next argues that the Court committed palpable error because Debtor's asset listings were incorrect at the time of the hearing. Great Lakes Eye argues that Debtor failed to disclose his interest in a TD Ameritrade account of Debtor and his non-filing wife with approximately $167,000.00 in cash, and further that Debtor may have failed to properly reflect the monies Debtor's 401k and IRA accounts, which are currently claimed as exempt. This argument clearly falls within the category of "newly discovered evidence" under the *Henderson* case, quoted above. Thus, a palpable defect did occur, but this is only half of the analysis. A different disposition of the case must result from a correction of such palpable defect. The Court finds that until proven otherwise by a preponderance of the evidence, Debtor's omission of this Ameritrade account was not done in bad faith, as Debtor's counsel admitted the error in reading Debtor's financial documents. The Court further finds that based upon the Court's analysis of the Debtor's ability to post an appeal bond when it issued its underlying bench opinion, adding in Debtor's one-half interest of the Ameritrade of approximately $83,000 would not provide enough non-exempt funds to allow Debtor to obtain the requisite appeal bond, which was the core of Great Lakes Eye's lack of good faith argument. Finally, the Court reiterates that it is improper for it to consider exempt assets in this calculation, which would include the referenced retirement accounts. Thus, a different disposition of the Court's decision would not result even after consideration of this newly discovered evidence.

Accordingly, the Motion of Great Lakes Eye To Reconsider the Court's May 7, 2014

Order Denying Great Lakes Eye's Motion To Dismiss this Chapter 11 bankruptcy case, or alternatively, for relief from stay is denied. The Court will enter an appropriate Order.

Not for Publication

**Signed on July 18, 2014**

                                                 **/s/ Daniel S. Opperman**
                                                 **Daniel S. Opperman**
                                                 **United States Bankruptcy Judge**