UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:                                                    Case No. 14-20223-dob

    DAVID BROOKE KREBS,                                  Chapter 11 Proceeding

          Debtor.                                     Hon. Daniel S. Opperman

_____/

OPINION REGARDING OBJECTION FILED BY GREAT LAKES EYE INSTITUTE, P.C.
TO
DEBTOR'S COMBINED DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION
AS TO LEGAL ISSUES RAISED UNDER 11 U.S.C. §§ 1129(a)(7) and 1129(b)(2)(B)(I)

INTRODUCTION

Debtor filed this Chapter 11 case on February 5, 2014, and seeks confirmation of his Chapter

11 plan filed on March 18, 2014. Great Lakes Eye Institute, P.C. ("Great Lakes Eye") opposes

confirmation, asserting various objections to confirmation. Before the Court currently is the issue

of whether Great Lakes Eye "receives or retains" property under Debtor's proposed plan on account

of Great Lakes Eye's claim and, thus, whether Debtor's proposed plan complies with 11 U.S.C. §§

1129(a)(7) and 1129(b)(2)(B)(I).[1] The parties and the Court have determined that these preliminary

issues may first be decided as a matter of law, with the remaining confirmation issues to be

determined at an evidentiary confirmation hearing date to be set at a later date.

_____

[1]The parties' supplemental briefs discuss and argue regarding other issues, but per the
Court's May 14, 2014, Scheduling Order and the representations of counsel for both Debtor and
Great Lakes Eye prior, the legal issues to be determined by the Court are limited to these two
subsections of Section 1129.

1

## FACTS AND PROCEDURAL BACKGROUND

The facts and background of this case were thoroughly discussed in this Court's April 21, 2014, oral bench Opinion denying Great Lakes Eye's Motion to Dismiss. For purposes of this Opinion, the following facts are relevant. Great Lakes Eye was awarded $661,917, plus interest against Debtor in a Judgment entered in Saginaw County Circuit Court on January 15, 2014 ("Judgment"). An appeal was taken by Debtor of that Judgment to the Michigan Court of Appeals on or about January 27, 2014, prior to the bankruptcy filing on February 5, 2014.

Debtor's proposed plan refers to an "Escrow Agreement," which proposes to escrow funds by way of monthly payments in the amount of $7,222.21, amortized over 12 years with interest at 4.5%, pending entry of a final order on the appeal of the Judgment. This monthly amount by way of the 144 payments represents the total amount of the Judgment, with interest. Lighthouse Title Company in Grand Blanc, Michigan is the proposed escrow agent. Debtor is to bear all expenses and fees of the escrow agent in addition to payment of the monthly payments.

If the Judgment is overturned on appeal in favor of Debtor, all escrowed funds are to be turned over to Debtor and any obligations owing to Great Lakes Eye are to terminate. If the opposite occurs, and the appeal results favorably for Great Lakes Eye, all escrowed funds shall be immediately turned over to Great Lakes Eye, with monthly payments to continue under the plan under the same terms as the Escrow Agreement. The Escrow Agreement also proposes that in the event Debtor defaults in the monthly payments, and a default is not cured within fourteen days from the date of written notice of such default, then the balance may be accelerated by Great Lakes Eye, which shall have all remedies available to it under state law.

2

ARGUMENTS

Great Lakes Eye argues that because the proposed escrow of funds by Debtor is contingent upon the outcome of the appeal pending of the Judgment, it is not receiving or retaining property of a value as of the effective date of the plan, and that, under Section 1129(a)(7), Great Lakes Eye would fare better if Debtor's assets were liquidated in a hypothetical Chapter 7 case as of the effective date of the plan. Great Lakes Eye also asserts that Section 1129(b)(2)(B)(I) is not satisfied, because Debtor's proposed plan does not allow it to "receive or retain" property of a value equal to the amount of its allowed claim as of the effective date of the plan.

Debtor asserts that the plan and Escrow Agreement were proposed because he could not post an appeal bond of the Judgment in the customary approved amount of 125% of the Judgment, or $965,000, based upon non-exempt assets in his name. An appeal bond in this amount would have been approximately $355,000 more than the face value of Debtor's nonexempt assets at the time.[2] Debtor asserts that Section 1129(a)(7) is satisfied because if this case were filed under Chapter 7, the claim of Great Lakes Eye would still depend on the outcome of the appeal, with the possibility of reversal in favor of Debtor. Debtor asserts that Great Lakes Eye is receiving and retaining its claim once that amount has been finally determined on appeal, which fulfills the purpose of Section 1129(b)(2)(B)(I).

_____

[2]Debtor has since acknowledged that, through inadvertence, he did not include a TD Ameritrade account in the approximate amount of $167,000. However, this Court found in its July 18, 2014, Opinion Denying Great Lakes Eye's Motion To Reconsider this Court's Order Denying Great Lakes Eye's Motion To Dismiss, that based upon the Court's analysis of the Debtor's ability to post an appeal bond when it issued its underlying bench opinion, adding in Debtor's one-half interest of the Ameritrade account of approximately $83,000 would not have provided Debtor with enough non-exempt funds to allow Debtor to obtain the requisite appeal bond.

3

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (confirmations of plans).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## DISCUSSION

The burden is upon Debtor, as the plan proponent, to prove compliance with the requirements of Section 1129 by a preponderance of the evidence. *See In re Trenton Ridge Investors, LLC*, 461 B.R. 440, 459-63 (Bankr. S.D. Ohio 2011).

The limited issues raised by the parties are solely legal issues based upon undisputed facts concerning Debtor's proposed plan. It is nevertheless Debtor's burden to show that Great Lakes Eye's claim is protected under the safeguards of Section 1129(a)(7) and Section 1129(b)(2)(B)(I). The first issue is whether Section 1129(a)(7), which requires that the proposed plan meet what is commonly referred to as the best interests of creditors test, is satisfied by the "receive or retain" requirement. Section 1129(a)(7) states:

§ 1129. Confirmation of plan

    (a) The court shall confirm a plan only if all of the following requirements
are met:

        (7) With respect to each impaired class of claims or interests–

            (A) Each holder of a claim or interest of such class–

4

(I) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date; or

(B) if section 1111(b)(2) of this title applies to the claims of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims.

Because Great Lakes Eye is an impaired class under the proposed plan, and does not accept the plan, it must receive under the plan at least what it would receive under a Chapter 7 liquidation. As explained by the court in *In re Affiliated Foods, Inc.*, 249 B.R. 770 (Bankr. W.D. Mo. 2000), this analysis is not an "exact science":

> The valuation of a hypothetical Chapter 7 for purposes of § 1129(a)(7)(ii) is not an exact science. "The hypothetical liquidation entails a considerable degree of speculation that will not occur unless the case is actually converted to chapter 7." It requires an estimation of the value of all of the bankruptcy estate's assets, including such hard to determine values as disputed and contingent claims, the potential disallowance of claims (under § 502(d)), the probability of success and value of causes of action held by the estate, and, in this case, potential preference actions. Additionally, some courts have considered more intangible sources of value such as the increased likelihood of a creditor recovering money through a structured settlement in a Chapter 11 versus a difficult collection process in a Chapter 7.

*Id.* at 788 (citations omitted). Great Lakes Eye does not ask the Court at this juncture to hypothetically evaluate the entire liquidation of his estate if this case were a case under Chapter 7. Rather, before the Court is the discrete legal issue of whether Debtor's proposed escrow of payments, and resulting delay in payments under the proposed Plan, satisfies the "receive or retain" requirement of Section 1129(a)(7)(A)(ii). First, the Court does not find it is necessary to classify

5

Great Lakes Eye's claim as contingent or not contingent, liquidated or unliquidated, or disputed or undisputed, for purposes of this issue. It is clear that this claim is disputed, because it is the result of a Judgment subject to a pending appeal to the Michigan Court of Appeals.

Accordingly, the Court concludes that as a matter of law, Debtor's proposed plan complies with Section 1129(a)(7). Whether or not factually Debtor satisfies this subsection in terms of the values of assets and other factual inquiries remains to be seen.

Great Lakes Eye also raises a "receive or retain" argument under Section 1129(b)(2)(B)(I), which requires that for a plan to be confirmed over the objection of an impaired class of creditors, such plan must be "fair and equitable," and with respect to such class:

> (I) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim;

The Court concludes that the "value" Great Lakes Eye is receiving and retaining through Debtor's plan, if confirmed, is the full value of its claim, with interest, subject to the contingency of possible reversal on appeal. The receiving and retaining requirement is satisfied here because Debtor recognizes the value of Great Lakes Eye's entire claim through the establishment of an escrow account to protect Great Lakes Eye's interests pending the appeal. Great Lakes Eye is protected by the establishment of a separate escrow agent and by the default and remedy terms. The Court sees no violation of Section 1129(b)(2)(B)(I) to Great Lakes Eye through this proposal, because Great Lakes Eye is completely protected by the terms of the Escrow Agreement, including the applicable market rate of interest. The Bankruptcy Code does not require more from Debtor under this subsection. Thus, the Court concludes that as a matter of law, Debtor's proposed plan is fair and equitable for purposes of Section 1129(b)(2)(B)(I).

6

<u>CONCLUSION</u>

Accordingly, Great Lakes Eye's Objection to confirmation of the Debtor's Plan and Disclosure Statement is overruled as to the Section 1129(a)(7) and (b)(2)(B)(I) issues decided above. Great Lakes Eye is the only objecting party to confirmation, and discovery and further deadlines regarding additional factual issues remaining as objections by Great Lakes Eye to confirmation shall be the subject of a status conference to be set by the Court.

**Not for Publication**

Signed on September 12, 2014

                                         /s/ Daniel S. Opperman
                                    Daniel S. Opperman
                                    United States Bankruptcy Judge

7